UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARTHUR D. JACKSON, H40738,

    Plaintiff,

    v.

MATTHEW TAYLOR, et al.,

    Defendant(s).

Case No. 21-cv-03660-SK  (PR)

**ORDER OF SERVICE**

Plaintiff, a prisoner at San Quentin State Prison (SQSP), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that on December 7, 2019, during a pat-down search of Plaintiff by correctional officers Matthew Taylor and Todan Ascensio, Taylor grabbed Plaintiff's penis and scrotum "squeezing them in the palm of his hand for approximately 15-to-20 seconds, and refusing to let go of Plaintiff's penis and scrotum even after Plaintiff removed [Taylor's] hand and made several demands to release the hold [Taylor] had on Plaintiff's penis and scrotum." Compl. (ECF No.1) at 6.  Plaintiff further alleges that Ascensio stood by without intervening, and that after Plaintiff told the officers that he would be filing a sexual assault complaint Taylor retaliated against Plaintiff by filing a misconduct report against him and Taylor and Ascensio further retaliated against Plaintiff by conducting a lengthy retaliatory cell search that "left Plaintiff's cell in total disarray." Id. at 8.

The complaint is properly before the undersigned for preliminary screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

It is well established that "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). In evaluating a prisoner's claim of sexual harassment or abuse, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. Id. (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Liberally construed, Plaintiff's allegations that Taylor grabbed and squeezed Plaintiff's penis and scrotum for 15 to 20 seconds despite Plaintiff removing Taylor's hand and making several demands that Taylor release his hold, while Ascensio stood by without intervening, arguably state a § 1983 claim for violation of the Eighth Amendment against Taylor and Ascensio. See id.; see also Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, Plaintiff's allegations that after he told the officers that he would be filing a

sexual assault complaint Taylor retaliated against Plaintiff by filing a misconduct report against him and Taylor and Ascensio further retaliated against Plaintiff by conducting a lengthy cell search that left Plaintiff's cell in total disarray arguably state § 1983 retaliation claims against Taylor and Ascensio. See id.; see also Entler v. Gregoire, 872 F.3d 1031, 1034, 1038-40 (9th Cir. 2017) (prisoner cannot be retaliated against for making threats to sue, written or verbal, because threats to sue "fall within the purview of the constitutionally protected right to file grievances").

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The following defendant(s) shall be served: Correctional Officers Matthew Taylor and Todan Ascensio at SQSP.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The clerk shall serve by mail a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each

defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

    2.    In order to expedite the resolution of this case, the court orders as follows:

        a.    No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion.  A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

        b.    Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

        c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of

the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve

5

1  said notices again concurrently with motions to dismiss for failure to exhaust available

2  administrative remedies and motions for summary judgment.  <u>Woods</u>, 684 F.3d at 935.)

3         d.      Defendants must serve and file a reply to an opposition not more than 14

4  days after the opposition is served and filed.

5         e.      The motion shall be deemed submitted as of the date the reply is due.  No

6  hearing will be held on the motion unless the court so orders at a later date.

7      3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

8  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

9  before the parties may conduct discovery.

10      4.    All communications by plaintiff with the court must be served on defendants, or

11  defendants' counsel once counsel has been designated, by mailing a true copy of the document to

12  defendants or defendants' counsel.

13      5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

14  and all parties informed of any change of address and must comply with the court's orders in a

15  timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule

16  of Civil Procedure 41(b).

17  **IT IS SO ORDERED**.

18  Dated: June 9, 2021

19

20                                      SALLIE KIM
                                    United States Magistrate Judge