UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. JACKSON, H40738,<br>Plaintiff,<br>v.<br>MATTHEW TAYLOR, et al.,<br>Defendant(s). | Case No. 21-cv-03660-SK  (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF SANCTIONS ORDER**<br><br>(ECF No. 92) |

Before the Court is Defendants' motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b)(1).  ECF No. 92.  This matter arises from Plaintiff's February 2022 motion for sanctions wherein he claimed that Defendants' former counsel, Darby Williams, "commit[ted] fraud upon the court" when opposing his earlier-filed discovery motion.  ECF No. 52.  On September 19, 2022, and pursuant to Civil Local Rule 11-4[1], the Court granted in part Plaintiff's motion upon finding that Williams made misleading representations.[2]  See ECF No. 85.  Defendants now ask that the Court vacate its sanctions order because Williams did not intend to mislead.  For the reasons set forth below, Defendants' motion will be DENIED.

Under Rule 60(b)(1), a court may relieve a party from a final judgment or order on certain grounds, including "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "The district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself."  Fid. Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1024 (9th Cir. 2004).

---

[1] Civil Local Rule 11-4 directs every attorney practicing in this court to, among other things, "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice."

[2] The Court incorporates by reference the factual background and reasoning set forth in its sanctions order, including its directive that Ms. Williams attend two hours of legal ethics courses.  A Notice of Compliance with that directive has since been filed.  ECF No. 90.

Defendants begin by apologizing for any unsupported statements made by Williams but insist that "to the extent . . . the [sanctions] order was based on any wording by Williams that was not sufficiently clear, or created confusion, that is merely a mistake by her that should not result in the sanctions issued under the Court's inherent authority." ECF No. 92 at 5-6. When Williams represented, for example, that Plaintiff failed to meet and confer before filing his discovery motion (despite having in fact met and conferred), Defendants state that what they "meant was that they did not know that Plaintiff disagreed with the summary of discovery matters summarized in Ms. Williams's January 3, 2022 letter to Plaintiff documenting their only meet and confer session." Id. at 8. And when Williams wrote that "the first Defendants learned about this particular dispute was when they received Plaintiff's pending motion" (when documentation reveals that "this particular dispute" was discussed at the meet and confer), Defendants admit that "it would have been preferable if she had been more clear." ECF No. 92 at 11. Still, Defendants contend that these discrepancies, when considered in context, amounted to no more than "mistakes" because there is no evidence of an intent to mislead. Id. at 12. They then argue that it was this Court's mistake to construe these discrepancies as "misleading." Id.

The Court finds that Defendants have not presented a mistake on the part of the Court warranting reversal of its prior decision. See Fed. R. Civ. P. 60(b)(1); Fid. Fed. Bank, 387 F.3d at 1024. Sanctions were ordered in this case because Williams's representations to the Court were inconsistent with the facts, which Defendants concede. Whether Williams had an intent to mislead when making these misrepresentations is beside the point. As noted supra, Civil Local Rule 11-4 directs every attorney practicing in this court to, among other things, "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice." "Care" is defined as "painstaking or watchful attention."[3] Here, Williams presented a series of misrepresentations demonstrating such a lack of care to the details of this case that the result—whether intentional or not—was to mislead the Court.

---

[3] *Care*, Merriam-Webster, https://www.merriam-webster.com/dictionary/care (last visited Nov. 3, 2022); see also *Care*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/care (defining care to mean "serious attention, especially to the details of a situation or thing") (last visited Nov. 3, 2022).

**CONCLUSION**

Based on the foregoing, Defendants' motion for reconsideration (ECF No. 92) is DENIED.

**IT IS SO ORDERED**.

Dated: November 4, 2022



SALLIE KIM
United States Magistrate Judge